IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BOJ OF WNC, LLC d/b/a BOJANGLES FAMOUS CHICKEN N BISCUITS, | * * * * | |
| Plaintiff, | * * | CV 122-124 |
| v. | * * | |
| WESTFIELD NATIONAL INSURANCE COMPANY and ENCOVA MUTUAL INSURANCE GROUP, INC., | * * * * | |
| Defendants. | * * * | |

O R D E R

Before the Court is Plaintiff's motion to stay. (Doc. 92.) For the following reasons, Plaintiff's motion is **GRANTED**.

I. BACKGROUND

This action arises out of an underlying lawsuit, Davis v. BOJ of WNC, No. CV 121-155 (S.D. Ga.), currently pending before this Court (the "Underlying Action"). (Doc. 1, ¶ 19.) The Underlying Action is set for trial on January 29, 2024. See Davis v. BOJ of WNC, No. CV 121-155 (S.D. Ga.). Plaintiff brought this declaratory action after Defendants denied Plaintiff's requests for insurance coverage for the claims in the Underlying Action. (Doc. 1, ¶¶ 79-88.) On July 20, 2023, Defendant Westfield National Insurance

Company ("Westfield") filed a motion for summary judgment, arguing there is no duty to defend or indemnify Plaintiff in the Underlying Action. (Doc. 74, at 1-2.) On July 21, 2023, Plaintiff filed a motion for partial summary judgment against Westfield, arguing Westfield had a duty to defend Plaintiff, but that the issue of indemnity is not yet ripe. (Doc. 76-1, at 2.) On August 17, 2023, Westfield received a time-limit demand from the underlying plaintiff's attorney that included an allegation against Plaintiff in the form of "false imprisonment." (Doc. 90-1, at 5.) Westfield received a similar letter dated August 28, 2023 from Plaintiff's attorney requesting Westfield settle the claims against Plaintiff within the Westfield policy limits. (Id.) On August 30, 2023, Westfield wrote to Plaintiff agreeing to defend Plaintiff in the Underlying Action under reservation of rights. (Doc. 90-1, at 4-19.) On September 14, 2023, Plaintiff filed the instant motion to stay, contending the appearance of Westfield in the Underlying Action may moot the duty to defend issue, and the duty to indemnify issue is not yet ripe as the Underlying Action is still pending. (Doc. 92, at 5.) Westfield opposes the motion to stay. (Doc. 93.) A hearing as to the pending motions for summary judgment and motion to stay was held on November 14, 2023. (Doc. 96.)

## II. LEGAL STANDARD

The power to stay a proceeding "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). A district court therefore has broad discretionary authority in determining whether a stay is appropriate. CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982); see also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them.").

In making its determination, a court may consider the prudential advantages of a stay, "but must also examine the relative prejudice and hardship worked on each party if a stay is or is not granted." Dise v. Express Marine, Inc., No. 08-0127, 2008 WL 2163920, at *3 (S.D. Ala. May 19, 2008) (citation omitted).

## III. DISCUSSION

The two pending motions for summary judgment dispute whether Westfield has a duty to defend and indemnify Plaintiff in the Underlying Action. The Court finds the question of indemnity will not be ripe for review until the Underlying Action is resolved. See Progressive Mountain Ins. Co. v. R.W. Womack & Sons, Inc., No. CV 111-159, 2012 WL 12929724, at *2 (S.D. Ga. May 14, 2012)

3

("[C]ourts in the Eleventh Circuit have time and again held that [a]n insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." (citations and internal quotation marks omitted)); see also Erie Indem. Co. v. Acuity, a Mut. Ins. Co., No. 1:06-CV-0174, 2006 WL 2048310, at *2 (N.D. Ga. 2006) ("District courts within this circuit have consistently heeded this admonition and declined to declare insurers' indemnity obligations absent a liability determination in the underlying case." (citations omitted)); Essex Ins. Co. v. Sega Ventures, LLC, No. CV413-253, 2015 WL 1505979, at *4 (S.D. Ga. 2015) ("Should the defendants in the underlying suit prevail, any decision by this Court on [p]laintiff's duty to indemnify would necessarily be moot and a waste of judicial resources.").

Upon due consideration, the Court finds it an imprudent use of the Court and the Parties' resources to decide the issues of the duty to defend and duty to indemnify separately. Moreover, the Underlying Action is set for trial, so a slight delay in this case will not be prejudicial to any party. The Court is satisfied a stay until the resolution of the Underlying Action would conserve judicial resources and be in the best interest of the Parties. Accordingly, this matter is **STAYED** pending the conclusion of the Underlying Action.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion to stay (Doc. 92) is **GRANTED** and the Clerk is directed to **STAY** all proceedings in this case. Upon resolution of the Underlying Action, the Parties may move the Court to lift the stay via motion filed on the public docket.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of November, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA