IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BOJ OF WNC, LLC d/b/a          *
BOJANGLES FAMOUS CHICKEN N      *
BISCUITS,                       *
                                *
     Plaintiff,                 *        CV 122-124
                                *
          v.                    *
                                *
HOUSTON CASUALTY COMPANY,        *
WESTFIELD NATIONAL INSURANCE     *
COMPANY, and ENCOVA MUTUAL       *
INSURANCE GROUP, INC.,           *
                                *
     Defendants.                 *
                                *

_____

**O R D E R**

_____

Before the Court are Defendant Westfield National Insurance Company's ("Westfield") motion to lift stay and rule on the pending motion for summary judgment[1] (Doc. 114), Plaintiff's motion to lift stay and motion for voluntary dismissal (Doc. 115), Westfield's initial motion to amend (Doc. 117), Plaintiff's motion to strike (Doc. 122), and Westfield's second motion to amend (Doc. 128). For the following reasons, Westfield's motion to lift stay and rule on the pending motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**, Plaintiff's motion to lift stay and for voluntary dismissal is **GRANTED IN PART** and **DENIED IN PART**,

_____

[1] Westfield previously moved to lift the stay (Doc. 102), but then withdrew the motion (Doc. 108). Westfield's motion to withdraw (Doc. 108) is **GRANTED** and its original motion to lift the stay (Doc. 102) is **DENIED AS MOOT**.

Westfield's initial motion to amend is **DENIED AS MOOT**, Plaintiff's motion to strike is **DENIED**, and Westfield's second motion to amend is **HELD IN ABEYANCE**.

### I. BACKGROUND

This declaratory judgment action arises out of an underlying lawsuit, <u>Davis, as Guardian of D.W., a Minor v. BOJ of WNC, LLC</u>, CV 121-155 (S.D. Ga.)(the "Underlying Lawsuit"). (Doc. 1, ¶ 19; Doc. 1-1.) Plaintiff seeks insurance coverage from Defendants for the claims in the Underlying Lawsuit. (Doc. 1, ¶¶ 25-33.) Plaintiff has settled with and dismissed Defendants Houston Casualty Company and Encova Mutual Insurance Group, Inc. from this action. (Docs. 64, 101.) Thus, the only remaining parties are Plaintiff and Westfield.

On July 20, 2023, Westfield moved for summary judgment, and on July 21, 2023, Plaintiff moved for partial summary judgment. (Docs. 74, 76.) In August 2023, following receipt of a time limit demand from the underlying plaintiff, Westfield agreed to defend Plaintiff under a reservation of rights in the Underlying Lawsuit. (Doc. 90-1, at 5.)

Plaintiff moved to stay this action because the remaining dispute over Westfield's duty to indemnify would not become ripe until a final judgment was issued in the Underlying Lawsuit. (Doc. 92.) Following a hearing on the Parties' summary judgment motions

2

and Plaintiff's motion to stay, the Court stayed this action pending resolution of the Underlying Lawsuit.  (Doc. 98.)

The Parties mediated the Underlying Lawsuit on December 15, 2023 and reached a settlement.  (Doc. 114, at 5.)  Pursuant to their settlement agreement, Westfield and Plaintiff entered a recoupment agreement to recoup certain amounts from one another pending the outcome of this action (the "Agreement").  (Doc. 117-2, at 1.)  The Underlying Lawsuit was dismissed on March 21, 2024. See <u>Davis, as Guardian of D.W., a Minor v. BOJ of WNC, LLC</u>, CV 121-155 (S.D. Ga. Mar. 21, 2024), Doc. 165.

On April 16, 2024, Westfield filed a motion to lift stay and for the Court to rule on the pending motions for summary judgment. (Doc. 114.)  Plaintiff opposes Westfield's motion, and Westfield replied.   (Docs. 116, 120.)   In its reply, Westfield raises arguments concerning its pending motion for summary judgment. (Doc. 120, at 2-11.)

On April 17, 2024, Plaintiff filed a motion to lift stay and to voluntarily dismiss this action under Rule 41(a)(2).  (Doc. 115.)   Westfield opposes Plaintiff's motion for voluntary dismissal and requests leave to amend its pleading to add a claim for recoupment under the Agreement.  (Doc. 117.)

On May 28, 2024, Plaintiff filed a motion to strike Westfield's reply brief (Doc. 120), or alternatively to file a sur-reply and brief.  (Doc. 122.)  Westfield opposes Plaintiff's

motion to strike.  (Doc. 127.)  On June 11, 2024, Westfield filed for leave to amend its answer and to supplement the record.  (Doc. 128.)  Westfield's proposed amendment contains a new counterclaim under the Agreement.  (Doc. 128-1, at 4-6.)

## II. MOTIONS TO LIFT STAY

Both Plaintiff and Westfield move to lift the stay.  (Doc. 114, at 1, 6; Doc. 115, at 1.)  They both represent they are ready to move forward and agree the stay should be lifted.  (Doc. 114, at 1; Doc. 115, at 1.)  Upon due consideration, Westfield's motion (Doc. 114) and Plaintiff's motion (Doc. 115) are **GRANTED IN PART**, to the extent these motions seek to lift the stay in this action.[2] The Clerk is **DIRECTED** to **LIFT** the stay.

## III. MOTION FOR VOLUNTARY DISMISSAL

Plaintiff also moves for voluntary dismissal under Federal Rule of Civil Procedure 41.  (Doc. 115.)  Pursuant to Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The rule exists "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of

---

[2] Westfield also moves the Court to rule on the pending motions for summary judgment in its favor.  (Doc. 114, at 1, 6.)  Because the Court will allow the Parties time to file motions to amend following this Order, the Court defers its consideration of the motions for summary judgment, and Westfield's motion (Doc. 114) is **DENIED IN PART** on these grounds.

curative conditions." McCants v. Ford Motor Co., 781 F.2d 855, 856 (11th Cir. 1986) (citation omitted). To determine whether dismissal is proper, "the court should . . . weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Arias v. Cameron, 776 F.3d 1262, 1269 (11th Cir. 2015) (citing McCants, 781 F.2d at 857). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." McCants, 781 F.2d at 856-57 (citations omitted) (emphasis in original). Legal prejudice exists if the defendant would lose a substantial right by the dismissal. Pontenberg v. Boston Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (citing Durham v. Fla. E. Coast. Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)). Pending motions for summary judgment alone are insufficient to prevent dismissal under Rule 41(a)(2). Id. at 1259.

Plaintiff contends the Court should grant its voluntary dismissal because the two key issues – defense and indemnification from Westfield – were resolved when Westfield contributed to the defense and settlement in the Underlying Lawsuit. (Doc. 115, at 5.) Because there are currently no pending counterclaims by Westfield, Plaintiff contends this lawsuit can be dismissed. (Id.) Plaintiff further argues it would be a waste of judicial resources

to continue litigation when the underlying issues were resolved and any opinion of the Court would be an improper advisory opinion. (Id.)

Westfield contends voluntary dismissal should not be granted because the insurance dispute between it and Plaintiff has not been resolved. (Doc. 117, at 9.) Westfield argues Plaintiff "misrepresents" the "defense and indemnification" by Westfield in the Underlying Lawsuit and points to the Agreement in support of its argument. (Id.) Westfield asserts it was induced by the Agreement to contribute to the settlement of the Underlying Lawsuit, wherein the Parties agreed to allow the Court to adjudicate the coverage issue to determine the recoupment of settlement funds paid in the Underlying Lawsuit. (Id. 9-10; Doc. 117-2, at 1.) Westfield further argues dismissal will deprive it of its rights to have the coverage dispute adjudicated and seek recoupment under the Agreement. (Doc. 117, at 10.) Westfield contends adjudication of this case is necessary for the disposition of its rights as set forth under the Agreement and Plaintiff's motion for voluntary dismissal is an "attempt to circumvent" the Agreement's terms. (Id. at 10-11.)

The Court finds the relevant equities weigh in favor of denying Plaintiff's motion for voluntary dismissal because Westfield has demonstrated clear legal prejudice. Westfield contributed to the settlement agreement in reliance on the terms

of the Agreement, which provided the Parties would allow the Court to determine coverage in this action and contains conditional language based on the outcome of this action. (Doc. 117, at 9-10; Doc. 117-2, at 1.) Plaintiff contends Westfield's rights are not compromised by dismissal. (Doc. 121, at 2.) The Court disagrees. The Parties' ability to recoup under the Agreement is conditional on the outcome of this action. (Doc. 117-2, at 1.) If the Court were to dismiss this action before adjudicating the coverage issue, an essential condition of the Agreement would never be satisfied and Westfield's ability to recover under the Agreement could be thwarted. Thus, the remedies available if this lawsuit were to continue may not be available in a subsequent lawsuit. As stated above, legal prejudice exists when a defendant would lose a substantial right by the dismissal. Pontenberg, 252 F.3d at 1255. Here, because a material condition of the Agreement could never be met if this case were dismissed, Westfield would not be able to recover under the Agreement in a subsequent lawsuit and would therefore lose a substantial right. Through the Agreement, Plaintiff and Westfield agreed to allow this litigation to continue, and Westfield has demonstrated a dispute as to coverage remains and it would suffer prejudice if dismissal were granted. For these reasons, Plaintiff's motion for voluntary dismissal (Doc. 115) is **DENIED**.

7

## IV. PLAINTIFF'S MOTION TO STRIKE

Plaintiff moves to strike arguments Westfield improperly raised in its reply brief concerning the motions for summary judgment. (Doc. 122, at 1.) Westfield opposes Plaintiff's motion. (Doc. 127.) While conceding it cites new case law, Westfield contends it does not make any new arguments, but merely summarizes its motion for summary judgment to demonstrate why voluntary dismissal is improper in light of the Agreement . (Id. at 2-3.)

"Unless it is clear that the matters stricken have no possible relationship to the controversy and may prejudice the other party, motions to strike are usually denied." McNair v. Monsanto Co., 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003) (citations omitted). Moreover, the Federal Rules of Civil Procedure make clear that a Court may strike only "redundant, immaterial, impertinent, or scandalous matter" in a pleading. FED. R. CIV. P. 12(f). The Federal Rules define a "pleading" as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." FED. R. CIV. P. 7(a)(1)-(7).

As such, motions to strike are only appropriate as to pleadings or portions of pleadings, but briefs, memoranda, objections, or affidavits may not be attacked this way. See Polite

8

v. Dougherty Cnty. Sch. Sys., 314 F. App'x 180, 184 n.7 (11th Cir.
2008) ("[M]otions to strike are only appropriately addressed
towards matters contained in the pleadings."); Brantley v. Ferrell
Elec., Inc., 112 F. Supp. 3d 1348, 1354 (S.D. Ga. 2015) (citations
omitted); 2 James Wm. Moore et al., Moore's Federal Practice
§ 12.37[2] (3d ed. 2015) ("Only material included in a 'pleading'
may be subject of a motion to strike.  Motions, briefs or
memoranda, objections, or affidavits may not be attacked by the
motion to strike.").  "[I]t is common for parties to file motions
to strike directed at matters that are not contained in the
pleadings. It is equally common for courts that receive such
improperly targeted motions to strike to promptly deny them,
irrespective of their underlying merit." Ross v. Corp. of Mercer
Univ., 506 F. Supp. 2d 1325, 1333 (M.D. Ga. 2007) (citations
omitted).  As such, Plaintiff's motion to strike (Doc. 122) is
**DENIED.**

Nevertheless, Plaintiff correctly asserts that Westfield's
arguments in support of its motion for summary judgment were
improperly raised in an unrelated reply almost a year after the
motions for summary judgment were filed.  The Court's Local Rules
permit parties to file reply briefs without leave of court, but
they must "immediately" notify the Clerk of their intent to reply
and file any such reply within fourteen days.  L.R. 7.5, SDGa.
Thus, to the extent Westfield's arguments are in reply to the

motions for summary judgment, they are untimely, and the Court will not consider them.  The Court notes, however, Westfield has now filed a separate motion to amend its pleadings, which also seeks to supplement the record with the new case law cited in its reply brief.  (Doc. 128, at 4-5.)  The Court will defer consideration of Westfield's supplement arguments until it takes up Westfield's motion to amend.  Because the Court will not consider Westfield's untimely arguments raised in the reply brief and Plaintiff will have an adequate opportunity to respond to Westfield's motion to supplement, a sur-reply is unnecessary, and Plaintiff's motion is **DENIED** on these grounds as well.

## V. WESTFIELD'S MOTION TO AMEND

On June 11, 2024, Westfield filed a motion to amend its answer to assert a counterclaim based on the Agreement and to supplement the record with new case law in support of its motion for summary judgment.[3]  (Doc. 128, at 1, 4-5.)  This motion is not yet ripe as Plaintiff's time to respond has not closed.  L.R. 7.5, SDGa (giving parties fourteen days to respond to all motions, except for motions for summary judgment where parties have twenty-one days to

---

[3] Westfield also requested leave to amend its pleading in a response brief. (Doc. 117.)  However, a party, especially one represented by counsel, may not amend by response brief and should instead file a separate motion to amend pursuant to Federal Rule of Civil Procedure 15.  See Thompson v. Owens, No. CV 310-62, 2011 WL 674891, *2 (S.D. Ga. Feb. 17, 2011).  As such, Westfield's original request (Doc. 117) is not properly before the Court.  Regardless, because Westfield now filed a proper motion to amend, the request in its response brief (Doc. 117) is **DENIED AS MOOT**.

respond).  However, because the Agreement indicates both Parties preserved the right to amend, the Court will hold in abeyance Westfield's motion to amend to allow Plaintiff reasonable opportunity to file its own motion to amend if it so desires. (Doc. 117-2, at 1.)  In light of this, the Court shall also extend the time for Plaintiff to respond to Westfield's motion to amend.[4] Plaintiff shall have **FOURTEEN DAYS** from the date of this Order to file a motion to amend, if it so desires, and respond to Westfield's motion to amend.

## VI. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Westfield's motion to lift stay and rule on the motion for summary judgment (Doc. 114) is **GRANTED IN PART** and **DENIED IN PART**, Plaintiff's motion to lift stay and for voluntary dismissal (Doc. 115) is **GRANTED IN PART** and **DENIED IN PART**, Westfield initial

---

[4] The Court notes if the motions to amend are granted then the pending motions for summary judgment may be mooted.  See Cincinnati Specialty Underwriters Ins. Co. v. J&T's Warehouse, Inc., No. CV418-205, 2019 WL 6716381, *1 (S.D. Ga. Dec. 9, 2019) (finding the plaintiffs' motions for summary judgment were mooted by an amended pleading even though the allegations were not materially changed, and all defendants had responded to the motions for summary judgment) (citing Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999)); Phillips Nizer LLP v. 2600 Courtland, LLP, No. 8:09-CV-1226, 2010 WL 11640196, *2 (M.D. Fla. Apr. 26, 2010) (finding the plaintiff's motion for summary judgment mooted by the defendants' amended answer); Savannah Motorcars, LLC v. Volkswagen Grp. of Am., Inc., No. 4:20-CV-37, 2022 WL 866342, at *5 n.8 (S.D. Ga. Mar. 22, 2022) (considering previously filed summary judgments after amendment of pleadings where the changes were minor and did not add any new claims or charges).  If the pending motions for summary judgment are mooted by amendment, the motions will be denied without prejudice and the Parties will be able to refile the motions.

motion to amend (Doc. 117) is **DENIED AS MOOT**, Plaintiff's motion to strike (Doc. 122) is **DENIED**, and Westfield's motion to amend (Doc. 128) will be **HELD IN ABEYANCE** to allow Plaintiff reasonable opportunity to amend, and respond, if it so desires. Plaintiff shall have **FOURTEEN DAYS** from the date of this Order to file a motion to amend, and Plaintiff's deadline to respond to Westfield's motion to amend (Doc. 128) is hereby **EXTENDED** for **FOURTEEN DAYS** from the date of this Order. The Court **DIRECTS** the Clerk to lift the stay in the above-captioned case.

ORDER **ENTERED** at Augusta, Georgia, this _21st_ day of June, 2024.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

12