IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
BOJ OF WNC, LLC d/b/a          *
BOJANGLES FAMOUS CHICKEN N     *
BISCUITS,                      *
                               *
     Plaintiff,                *    CV 122-124
                               *
     v.                        *
                               *
WESTFIELD NATIONAL INSURANCE   *
COMPANY,                       *
                               *
     Defendant.                *
```

U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

SEP 26 2025

FILED

# O R D E R

Before the Court is Defendant Westfield National Insurance Company's ("Westfield") motion for partial reconsideration, or in the alternative, for leave to seek summary judgment as to Count III of the Amended Complaint. (Doc. 187.) For the following reasons, Westfield's motion for partial reconsideration and for leave to seek summary judgment as to Count III of the Amended Complaint is **DENIED**.

## I. BACKGROUND

The Court detailed the procedural and factual history of this case in the Court's August 19, 2024 and July 16, 2025 Orders. (Docs. 137, 186.) On July 16, 2025, the Court granted in part and denied in part Plaintiff's motion to strike, granted in part and denied in part Westfield's motion for summary judgment, and granted

Plaintiff's motion for partial summary judgment. (Doc. 186.) The Court found there is coverage, a duty to indemnify, and a duty to defend under the CLUC Form but not under the BLC Form's Abuse or Molestation Exclusion. (Id. at 40-41.) The Court found Plaintiff's claims for bad faith and attorney's fees fail as a matter of law under O.C.G.A. § 33-4-6 and dismissed Count IV. (Id. at 33-39.) Because Westfield did not move for summary judgment on Count III for common law bad faith, the Court allowed Count III to proceed with the issue of damages on Counts I and II. (See id. at 34 n.5, 41.)

On August 5, 2025, Westfield moved for partial reconsideration, or in the alternative, for leave to seek summary judgment as to Count III of the Amended Complaint. (Doc. 187.) Plaintiff filed a response in opposition (Doc. 191) and Westfield replied in support (Doc. 193). Westfield's motion for partial reconsideration has been fully briefed and is ripe for the Court's review.

## II. DISCUSSION

Westfield's motion for reconsideration requests the Court review its decision not to rule on Count III of the Amended Complaint in the Court's July 16, 2025 Order. (Doc. 187, at 1-2.) Plaintiff opposes, arguing Westfield's entire motion should be denied. (Doc. 191, at 3.) Because Westfield did not raise Count

2

III in its motion for summary judgment, the Court need not reconsider its previous Order. (See Doc. 186, at 34 n.5.)

**A. Legal Standard**

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because such remedy "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through – rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit relevant evidence

3

before entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation omitted). And, ultimately, "the decision to grant a motion for reconsideration is committed to the sound discretion of the district judge." Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (citation and internal quotation marks omitted).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Brown v. Synovus Fin. Corp., 783 F. App'x 923, 931 (11th Cir. 2019) (citation omitted). Generally, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework." Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). However, this is not the only distinction between the two rules. "Rule 59(e) applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute," while Rule 60 applies to motions for reconsideration of matters "collateral to the merits." Brown, 783 F. App'x at 931 (citing Finch v. City of Vernon, 845 F.2d 256, 258 (11th Cir. 1988)). Given the fact Westfield filed its motion within twenty-eight days

4

and moves the Court to reconsider its decision on the merits, the Corut analyzes this motion under Rule 59.

Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted).

**B. Motion for Partial Reconsideration**

Westfield's motion for partial reconsideration asks the Court to decide whether judgment is warranted to Plaintiff's common law bad faith claim. (Doc. 187, at 11.) The Court did not rule on the common law bad faith claim in its July 26, 2025 Order because Westfield's motion for summary judgment did not raise, nor mention, Plaintiff's common law bad faith claim. (See Doc. 151-1.) Plaintiff opposes the motion and claims Westfield is using this request for reconsideration as a "second chance to raise arguments previously available, but not pressed." (Doc. 191, at 2 (internal quotation marks omitted).) The Parties' arguments are detailed below.

5

First, Westfield claims it did not raise Count III at summary judgment because it believed it was adjunct to Count IV. (Doc. 187, at 2.) Westfield states Plaintiff "inartfully pled Count III as a declaratory judgment claim rather than as a common law bad faith tort claim for damages," and as a result, Westfield "treat[ed] Count III as an adjunct of Count IV for purposes of summary judgment." (Id. at 2, 10.) However, Westfield's motion for summary judgment never stated Count III was treated as an adjunct of Count IV nor addressed a common law bad faith claim. (Doc. 151.) Westfield's motion for summary judgment only asserted that "[Plaintiff's] claims for bad faith penalties and Attorney's fees against Westfield fail as a matter of law, as penalties for bad faith and Attorney's fees are not authorized under O.C.G.A. § 33-4-6." (Id. at 2.) Although Westfield alleges it "sought judgment as to [Plaintiff's] bad faith claims — plural," it only raised Plaintiff's claim for statutory bad faith and never the common law bad faith claim. (Doc. 187, at 7.) Consequently, the Court did not dismiss Plaintiff's claim for common law bad faith because it is a separate claim with a different standard from the statutory bad faith claim under O.C.G.A. § 33-4-6.

Moreover, Westfield argues reconsideration is warranted because Plaintiff's Count III for a declaratory judgment has been changed to a tort claim. (Id. at 10-11.) Westfield accuses the Court of "adopting Plaintiff's re-characterization of Count III as

6

a common law bad faith claim sounding in tort and seeking damages" as "manifest injustice." (Id.) Plaintiff argues Westfield mischaracterized the Court's July 16, 2025 Order. (Doc. 191, at 6.) The Court agrees with Plaintiff concerning Westfield's baseless accusation. The Court never "adopted" or "converted" Plaintiff's claim for common law bad faith.[1] (Doc. 187, at 3, 10.) Instead, the Court's July 16, 2025 Order refrained from ruling on common law bad faith and did not address damages associated with it because Westfield failed to raise this claim at summary judgment. (Doc. 186, at 34 n.5.)

Without "converting" a declaratory judgment claim, proper relief may still be available for Plaintiff. 28 U.S.C. § 2202. The Declaratory Judgment Act allows a court to grant "[f]urther necessary or proper relief based on a declaratory judgment or decree . . . after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." Id. The Eleventh Circuit has found "[a] plaintiff may follow any successful claim for a declaratory judgment with a request for supplemental relief," and "only after issuing a declaratory judgment in [Plaintiff's] favor," then "a court may decide whether [Plaintiff] is eligible for supplemental monetary relief." Mack

---

[1] Since the Court never refined or recharacterized Count III, the Court need not address Plaintiff's cited authority for conforming issues not raised by the pleadings to the evidence. (See Doc. 191, at 10; FED. R. CIV. P. 15(b)(2).)

7

v. USAA Cas. Ins., 994 F.3d 1353, 1357-58 (11th Cir. 2021) (citations omitted). District courts in the Eleventh Circuit have preserved declaratory judgments for trial. See Champa v. Champa, No. 1:18-CV-3076, 2022 WL 1667563, at *9, 12 (N.D. Ga. Mar. 25, 2022) (denying summary judgment on Plaintiff's declaratory judgment claim and allowing the claim to go to trial); Loper v. Lifeguard Ambulance Serv., LLC, No. 2:19-CV-583, 2021 WL 4458873, at *18 (N.D. Ala. Sept. 29, 2021) (denying summary judgment over claim for declaratory judgment and ruling it may proceed to trial); State Farm Mut. Auto. Ins. v. At Home Auto Glass LLC, No. 8:21-CV-239, 2024 WL 4349246, at *13 (M.D. Fla. Sept. 30, 2024) (concluding "that a [jury] trial will be required to resolve State Farm's declaratory judgment claim"). Therefore, while the Court did not convert Plaintiff's claim for declaratory judgment to a tort claim for damages, further relief may be authorized under § 2202 following trial.

Lastly, Westfield states it was confused on summary judgment because Plaintiff pled Count III as a declaratory judgment claim for common law bad faith instead of a tort claim for damages. (Doc. 187, at 12.) However, the Parties acknowledge a common law bad faith claim in the pleadings. (See Docs. 139, 141.) Count III of the Amended Complaint seeks a declaratory judgment that Westfield acted in bad faith. (Doc. 139, at 13-14.) Additionally, the Prayer for Relief "requests such other and further relief,

8

including but not limited to pre- and post-judgment interest, as this Court deems just and proper." (Id. at 15.) In the Amended Answer, Westfield specifically denies the allegations under Count III that Westfield acted in bad faith. (Doc. 141, at 19-21.) Plaintiff correctly points out, and the Court agrees, "Westfield has been on notice for nearly three years that [Plaintiff] is pursuing bad faith theories beyond its statutory claim in Count IV." (Doc. 191, at 7.) While the Court sympathizes with Westfield's confusion, confusion is not a basis for reconsideration. Westfield failed to put forth anything to justify reconsideration under Rule 59, so Westfield's motion for partial reconsideration (Doc. 187) is **DENIED**.

**C. Motion for Leave to Seek Summary Judgment as to Count III of Amended Complaint**

Westfield alternatively requests the Court consider a motion for summary judgment on Count III. (Doc. 187, at 3, 17.) Plaintiff argues Westfield's entire motion should be denied because Westfield failed to raise Count III in its motion for summary judgment. (Doc. 191, at 3.) Because Westfield failed to raise common law bad faith in its motion for summary judgment, the Court again refrains from considering the merits of this claim and preserves Count III for trial. (Doc. 186, at 34 n.5).

The Eleventh Circuit has "recognized that a successive motion for summary judgment may be permitted when good cause exists, such

9

as when discovery has been extended." Lawn v. Sec'y, Fla. Dep't of Corr., No. 21-10819, 2023 WL 2292263, at *3 (11th Cir.)(citing Fernandez v. Bankers Nat. Life Ins., 906 F.2d 559, 569 (11th Cir. 1990)); Argo v. Gregory, No. CV 212-213, 2014 WL 6683259, at *1 n.1 (S.D. Ga. Nov. 25, 2014) ("It is improper for a party to file a successive motion for summary judgment which is not based upon new facts and which seeks to raise arguments it could have raised in his original motion." (citation omitted)).

The Parties each filed motions for summary judgment twice. (See Docs. 74, 76, 151, 153.)  The Court finds the Parties had sufficient opportunities to raise arguments on Count III and declines to consider any arguments raised at this time.  For the foregoing reasons, Westfield's alternative request to seek summary judgment on Count III is **DENIED**.

### III. CONCLUSION

Based on the foregoing, Westfield's motion for partial reconsideration, or in the alternative, for leave to seek summary judgment as to Count III of the Amended Complaint (Doc. 187) is **DENIED**.  Plaintiff's common law bad faith claim and the issue of damages will proceed to trial in due course.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of September, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA